GLADNEY, Judge.
This is an action brought by Collins S. Pearson and his collision insurer, Emmco Insurance Company, for damage to Pearson’s automobile in the amount of $607.02, resulting from a collision with an automobile owned and driven by defendant, Dennis H. Lennon. Defendant reconvened for property damage to his automobile. All parties deny liability and alternate pleas of contributory negligence have been filed. After a trial on the merits the district court rendered judgment for plaintiff. Defendant has appealed.
The accident occurred on January 28, 1962, about 5 :55 P.M., on U. S. Highway 71 a mile south of the city limits of Bossier City, Bossier Parish, Louisiana. The black topped highway at that point has two lanes and is straight and level for an appreciable distance in either direction. The weather was clear and dry and the motorists had their lights on.
Plaintiff’s car was being driven by his wife, Mrs. Pearson, who approached Highway 71 from the west side on a private driveway, only wide enough for one car at a time, and stopped. She testified she then surveyed approaching traffic and to her right she saw an automobile driven by Mrs. Thomas stopped and signalling for a left turn into the private driveway. Several cars, witnesses having fixed the number from two to five, were stopped, or nearly so, behind the Thomas car. Mrs. Thomas motioned Mrs. Pearson to drive out. Observing no approaching vehicles, Mrs. Pearson drove out on the highway and proceeded north. The defendant, Lennon, had been following the line of cars and had been traveling about 20 to 25 miles per hour. He decided to pass, and upon commencing this maneuver, blinked his light but did not sound his horn. He had increased his speed to 45 or 50 miles per hour when he first noticed the Pearson car moving diagonally across the highway. The record does not clearly reveal the distance between the two vehicles at that moment. Appellant applied his brakes which caused tire marks 45 feet in length, to the point of impact which was fixed at a point 60 feet north of the driveway and slightly to the left of the center of the highway.
Counsel for the defendant urge that plaintiff’s wife was negligent in that she failed to discharge the duty imposed upon her by LSA-R.S. 32:237, which is as follows :
“The driver of a vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway and to all pedestrians properly walking thereon.”
The sole factual question is whether Mrs. Pearson moved onto the highway before *627 or after Lennon’s car had moved into the left or passing lane.
Although Lennon testified that the lane was clear when he started his passing maneuver, he also testified that he first saw the Pearson car after it was already on the highway moving diagonally across. He is contradicted by Mrs. Pearson who testified that there were no cars in the passing lane when she moved onto the highway. She is corroborated by Mrs. Thomas, who testified she had been checking a side-mounted rear view mirror at regular intervals in anticipation of attempting her left turn and that she first saw Lennon’s car after Mrs. Pearson had entered the highway and after she, Mrs. Thomas, had started to turn.
Unquestionably, the rule required that Mrs. Pearson exercise a very high degree of care especially as to maintaining alert observation of and lookout for any approaching vehicles. Likewise, the presence of a number of cars ahead of him that were either stopped or almost so should have alerted Lennon to some danger ahead and imposed upon him the necessity of careful observation ahead. As his left lane was clear there was no obstruction to prevent either motorist from seeing the other just prior to the passing maneuver initiated by Lennon or the act of Mrs. Pearson in entering the highway. At that time the two vehicles could not have been more than a few hundred feet apart. The question arises, naturally, as to which maneuver was first commenced. If Lennon entered the passing lane before Mrs. Pearson left the driveway, the latter should be charged with negligence, for in such instance it was her duty under LSA-R.S. 32:237 to yield to Lennon who assuredly was within her range of vision. Conversely, if Mrs. Pearson was the first to move, then Lennon was in a position to observe her action and the duty was his to abstain from any passing maneuver until the southbound traffic lane was clear. His admission that he failed to see Mrs. Pearson until she was moving diagonally across the highway plainly shows he did not make due observation before commencing his passing movement. Mrs. Pearson moved from her stopped position in the driveway 60 feet into the highway before being struck in the center of the rear end of her car. We find that Lennon’s negligence in failing to timely see Mrs. Pearson enter the highway was the sole proximate cause of the accident. Although the trial judge did not assign written reasons for judgment, we feel sure his decision and ours rest upon the same grounds.
The judgment is affirmed at defendant’s, cost.